IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN WILLIAM WALPOLE,** | : | CIVIL NO. 1:CV-11-0385 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DOMINICK L. DeROSE,** | : | |
| Respondent | : | |

**MEMORANDUM**

On March 1, 2011, Petitioner Brian William Walpole ("Walpole"), a pre-trial detainee presently confined at the Dauphin County Prison in Harrisburg, Pennsylvania, initiated the above petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has paid the required $5.00 filing fee. The petition has been given preliminary consideration and, for the reasons discussed below, will be summarily dismissed.

**I.     Background**

Walpole has been charged with the Sexual Exploitation of Minors, the Receipt of Child Pornography and Possession of Child Pornography in violation of 18 U.S.C. §§ 2251(a), 2252A(a)(2) and (a)(5)(B) and (2). (See United States v. Walpole, Criminal No. 1:10-CR-0340-YK.) In the petition, he states that he is currently confined pursuant to an Order of Detention issued on December 3, 2010 in the criminal matter, and that he has not filed an appeal with respect to said order. Walpole challenges his current detention while awaiting trial on the federal charges. He first claims that he was told the Bureau of Immigration and Customs Enforcement ("ICE") would be placing a detainer on him, and there is no indication that ICE will be filing any such detainer. He further argues that he is not a flight risk in that he "has no intention of fleeing," and that his mother could serve as his custodian. (Doc. No. 1, Pet. at 2.)

Based on the foregoing, he seeks his release from pre-trial detention so that he can use his time to effectively prepare his case.

## II. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)(applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court has jurisdiction to issue a writ of habeas corpus as to a petitioner who has not yet been convicted and is being detained prior to trial. 28 U.S.C. § 2241(c)(1).[1] To state a claim for relief, a petitioner must allege that his detention violates the Constitution or a federal statute. 28 U.S.C. § 2241(c). However, the mere fact that a District Court has jurisdiction to entertain a petition filed under § 2241 by a petitioner who has not yet been convicted does not mean that the petitioner is seeking an appropriate pretrial remedy. See Whitmer v. Levi, 276 F. App'x 217, 219 (3d Cir. 2008). In the Whitmer case, the United States Court of Appeals for the Third Circuit held that, "[w]here a defendant is awaiting trial, the appropriate vehicle for

---

[1] Title 28 U.S.C. § 2241(c)(1) provides as follows:

(c) the writ of habeas corpus shall not extend to a prisoner unless–

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof.

violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b)(c), and not a habeas corpus petition." Id. The petitioner in Whitmer was found not to be entitled to habeas corpus relief by the Third Circuit because he had adequate remedies available to him in his pending criminal case. Id.

Further, "simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship," Stolt-Nielsen, S. A. v. United States, 442 F.3d 177, 184 (3d Cir. 2006)(internal citation omitted). In Stolt-Nielsen, the Third Circuit Court of Appeals opined that where a § 2241 petitioner has an available forum wherein to assert defense to his federal criminal charges, the petition should not be entertained. Id. at 185; Deaver v. Seymour, 822 F.2d 66, 69-70 (D.C. Cir. 1987).

In the instant case, Walpole admits that he has not yet been tried on the federal criminal charges which serve as the basis of this action. He acknowledges that he is being held pursuant to an Order of Detention with respect to those charges entered on December 3, 2010. In the petition he states that he has not sought release on bail with respect to his federal detention. However, a review of the criminal docket reveals that since filing the instant petition he did file a motion for bail on March 16, 2011, that was subsequently denied following a hearing on March 29, 2011. (See United States v. Walpole, Criminal No. 1:10-CR-0340, Doc. No. 29.) As such, it is clear that Walpole not only has an available forum to raise the arguments he sets forth in the pending petition regarding his request for release from pretrial detention, but also has since utilized that forum as evidenced by the denial of bail pending trial. The criminal docket also reveals that Walpole has not filed any appeal from the denial of bail with the Third Circuit Court

of Appeals as of this date.[2]

Even if Walpole is convicted on the charges pending against him in the underlying criminal action, his remedy would be to pursue a direct appeal, and if unsuccessful, to file a petition for collateral relief under 28 U.S.C. § 2255.  For these reasons, the Court finds that Walpole is not entitled to habeas corpus relief, and the instant petition will be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  An appropriate order is attached.

---

[2] Any argument by Walpole that he should be released from detention because ICE has not placed a detainer on him, is clearly without merit in that he is presently detained pursuant to federal criminal charges.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN WILLIAM WALPOLE,** | : | **CIVIL NO. 1:CV-11-0385** |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DOMINICK L. DeROSE,** | : | |
| Respondent | : | |

## ORDER

**AND NOW,** this 31st day of March, 2011, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. No. 1) is **dismissed.**

2. The Clerk of Court is directed to **close this case**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania